UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

D.D.S. INDUSTRIES, INC.,
     Plaintiff,
                                         CIVIL ACTION NO.
     v.                                  11-11561-MBB

C.T.S., INC. and FIRST
SEALORD SURETY, INC.,
     Defendants.


                    **MEMORANDUM AND ORDER RE:**
             **DEFENDANT C.T.S. INC'S MOTION TO DISMISS**
                       **(DOCKET ENTRY # 3)**

                         **June 13, 2012**


**BOWLER, U.S.M.J.**

   Pending before this court is a motion filed by defendant

C.T.S., Inc. ("defendant")[1] to dismiss Count Four of the

complaint. (Docket Entry # 3). Plaintiff D.D.S. Industries,

Inc. ("plaintiff") opposes dismissal of the complaint. (Docket

Entry # 5). On April 2, 2012, this court held a hearing and took

the motion (Docket Entry # 3) under advisement.

                        PROCEDURAL HISTORY

   The four count complaint sets out the following claims

against defendant: (1) breach of contract (Count One); (2)

quantum meruit (Count Two); (3) violations of sections two and 11

---

[1] Defendant First Sealord Surety, Inc. ("the surety"), surety
for defendant, and defendant (collectively "defendants")
stipulate that the instant motion is a joint motion. (Docket
Entry # 10). Count Four is the only count that names the surety
as a defendant.

of Massachusetts General Laws chapter 93A (Count Three); and (4) a violation of the Miller Act, 40 U.S.C. § 3133 ("the Miller Act") (Count Four). (Docket Entry # 1). Defendants seek to dismiss Count Four due to plaintiff's failure to plead sufficient facts to support the count. (Docket Entry ## 3 & 4).

STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"), a "court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.'" Pettengill v. Curtis, 584 F.Supp.2d 348, 362 (D.Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)); see also Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Co., 267 F.3d 30, 33 (1st Cir. 2001). To withstand a Rule 12(b)(6) motion, the complaint must include factual allegations that, when taken as true, demonstrate a plausible claim to relief even if actual proof of the facts is improbable. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-58 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged"); Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To withstand a motion to dismiss, the complaint must state more than

2

mere conclusions of law reciting the elements of the cause of action.  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 677-79.

In order to determine whether a Rule 12(b)(6) motion should be granted, a court should consider the complaint and any documents attached to it.  Rule 12(b)(6), Fed. R. Civ. P.; see Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 59, 65-66 (1st Cir. 2008) (court may consider documents incorporated by reference in the complaint, "'matters of public record, and other matters susceptible to judicial notice'" without converting Rule 12(b)(6) motion to a summary judgment motion); see also Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 232 n.6 (D.Mass. 1997) (same); accord Velazquez Arroyo v. MCS Life Ins. Co., 418 F.Supp.2d 11, 14 (D.P.R. 2006) (exception may be made "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint").  Adhering to this framework, the facts taken from the Rule 12(b)(6) record are as follows.

## FACTUAL BACKGROUND

Defendant was the general contractor on a federal construction project ("the project") seeking to perform renovations and construction on the J.F.C. Murphy Federal Records Building in Waltham, Massachusetts.  (Docket Entry # 1, ¶ 4).

Defendant obtained a payment bond from the surety that secured "payment of labor and materials furnished on the Project." (Docket Entry # 1, ¶ 5). Plaintiff "entered into a subcontract with [defendant] to furnish labor and materials for the HVAC[2] and plumbing work on the Project." (Docket Entry # 1, ¶ 6). The subcontract price was $460,400.00 and defendant subsequently ordered plaintiff to perform additional work for the agreed upon price of $42,632.50. (Docket Entry # 1, ¶¶ 8 & 9).

Plaintiff completed the original subcontract work and the additional work for a total cost to defendant of $503,032.50. (Docket Entry # 1, ¶¶ 10 & 11). Plaintiff submitted invoices to defendant and demanded payment for its subcontract work. (Docket Entry # 1, ¶ 12). Defendant, however, only paid plaintiff a total of $484,668.50. (Docket Entry # 1, ¶¶ 12 & 13). Public records show that plaintiff had one pipefitter work on the project for eight hours during the week of September 18, 2010. (Docket Entry # 5, Ex. A).

On September 6, 2011, plaintiff filed the complaint based on defendant's failure to pay the outstanding subcontract balance. (Docket Entry # 1). Plaintiff seeks the $18,364.00 defendant owes plaintiff "plus interest on late payments, costs and attorney's fees." (Docket Entry # 1, ¶ 14).

---

[2] "HVAC" refers to heating, ventilation, and air conditioning systems.

DISCUSSION

A.  Timeliness

In seeking to dismiss Count Four, defendants argue that plaintiff fails to plead certain facts necessary to set out a claim under the Miller Act.  (Docket Entry # 4).  Specifically, defendants argue that plaintiff failed to plead any facts to show that the claim was timely.  (Docket Entry # 4).  Plaintiff contends that the complaint is sufficient and that it need not allege any additional specific facts.  (Docket Entry # 5).

Defendants argue that the complaint is deficient because it does not include the last date that plaintiff worked on the project.  (Docket Entry # 4).  The Miller Act provides a right of action for companies working on public construction projects on behalf of the government.  The statute states that:

> Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due . . . .  A person having a direct contractual relationship with a subcontractor *but no contractual relationship, express or implied, with the contractor furnishing the payment bond* may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor . . . for which the claim is made . . . .  *An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied* by the person bringing the action.

40 U.S.C. § 3133(b) (emphasis added).

5

The Miller Act states that "an action . . . must be brought no later than one year after the day on which the last of the labor was performed or material was supplied." 40 U.S.C. § 3133(b)(4). The complaint states it "was filed within one year after [plaintiff] last furnished labor and materials for the Project." (Docket Entry # 1, ¶ 30).

Courts utilize two different tests to determine "the date when the Miller Act's statute of limitations begins to run: (1) upon substantial completion of the terms of a subcontract, and (2) upon total performance of a subcontract." United States ex rel. Luis A. Cabrera, S.E. v. Sun Eng'g Enters., 817 F.Supp. 1009, 1013 (D.P.R. 1993). "'Repairs and corrections' of subcontract provisions do not normally toll the statute" under either the full performance or substantial performance tests. Id.

In the First Circuit, "the statute of limitations begins to accrue on the day of the full performance of the contract, which is the date when the last of the labor was performed or the material supplied." United States ex. rel. GE Supply v. G&C Enterprises, Inc. 29 F.Supp.2d 49, 52 (D.P.R. 1998); see also Cabrera, 817 F.Supp. at 1016. The court in United States Use of Laboratory Furniture Co. v. Reliance Ins. Co., 274 F.Supp. 377 (D.Mass 1967), "expressly discards the minority view of the circuits in throwing aside the viability of 'substantial

6

completion' as the important question." Cabrera, 817 F.Supp. at 1016.

The public records attached to plaintiff's opposition provide additional facts necessary to meet the Rule 12(b)(6), Twombly standard. Trans-Spec Truck Service, Inc., 524 F.3d at 65-66. ("[m]atters of public record" can be considered in a motion to dismiss, without having to convert the motion to one for summary judgment). The public documents provided by plaintiff include certified payroll documents and job report summaries. (Docket Entry # 5, Ex. A). They provide facts that there was work done on the project during September 2010. (Docket Entry # 5, Ex. A).

The factual allegations in the public records and in the complaint show there was a single pipefitter who performed work on the project in September 2010. (Docket Entry # 5, Ex. A). To satisfy the one year statute of limitations of the Miller Act, the work done in September must have been part of the full performance of the subcontract. See GE Supply 29 F.Supp.2d at 52. It cannot be merely repair or correction work. Cabrera, 817 F.Supp. at 1013 (repairs and corrections do not toll the Miller Act's limitations period). The Rule 12(b)(6) record is devoid of factual allegations as to the type of work performed in September 2010. (Docket Entry # 5, Ex. A).

It is debatable whether the Twombly standard requires a Miller Act complaint to identify the nature of the work as original contract work as opposed to repair work. Assuming dubitante that a complaint must include such facts, Rule 12(b)(6) review requires this court to draw all reasonable inferences in the plaintiff's favor. See Pettengill 584 F.Supp.2d at 362. The complaint and the weekly payroll records submitted by plaintiff provide a sufficient basis to draw the reasonable inference that the work done in September 2010 was original contract work.

B.  Notice

Defendants also argue that the complaint fails to provide the required notice under the Miller Act. See 40 U.S.C. § 3133(b)(2). The Miller Act allows "every person that [has] furnished labor . . . provided for in a contract for which a payment bond is furnished under section 3131 . . . [to] bring a civil action on the payment bond for the amount unpaid . . . ." (40 U.S.C. § 3133(b)(1)). Any person making a Miller Act claim who has:

> a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on *giving written notice to the contractor within 90 days* from the date on which the person did or performed the last of the labor . . ..

40 U.S.C. § 3133(b)(2) (emphasis added).

By its terms, section 3133(b)(2) applies to persons who do not have a "direct contractual relationship" with the "contractor

8

furnishing the payment bond." 40 U.S.C. § 3131(b)(2). Plaintiff has a subcontract in this instance with defendant and defendant is the furnisher of the payment bond. (Docket Entry # 1, ¶¶ 5 & 6). Plaintiff therefore falls outside the reach of the written notice requirement in 40 U.S.C. § 3133(b)(2). See, e.g., United States Use of Clarke Concrete Constr. Co. v. James Stewart Co., 195 F.Supp. 715, 718 (D.Idaho 1961) ("no notice is required where a person furnishing materials has a direct contractual relationship, express or implied, with the prime contractor").

In short, plaintiff furnished labor carrying out work in connection with a general contract on which defendant had furnished a payment bond. Plaintiff therefore falls within the category of persons who may bring a civil action on the payment bond under section 3133(b)(1). Because plaintiff has a contract with defendant, i.e., the subcontract, there is no statutory requirement as to plaintiff to furnish notice under section 3133(b)(2). Thus, there is no need for plaintiff to plead facts in the complaint about the notice.

## CONCLUSION

In accordance with the foregoing discussion, the motion to dismiss (Docket Entry # 3) is **DENIED** as to Count Four.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge