```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA f/b/o
D.D.S. INDUSTRIES, INC.,
     Plaintiff,

     v.                              CIVIL ACTION NO.
                                     11-11561-MBB
C.T.S., INC.,
FIRST SEALORD SURETY, INC.,
     Defendants.
```

**MEMORANDUM AND ORDER RE:**
**FIRST SEALORD SURETY, INC.'S REQUEST FOR STAY OF PROCEEDINGS**
**(DOCKET ENTRY # 24)**

**November 20, 2012**

**BOWLER, U.S.M.J.**

Pending before this court is a request to stay proceedings against defendant First Sealord Surety, Inc. ("Sealord").[1]  (Docket Entry # 24).  Sealord is the surety for defendant C.T.S., Inc. ("CTS") for labor and materials on a government construction contract.  The Commonwealth Court of Pennsylvania ordered Sealord into liquidation on February 8, 2012.  (Docket Entry # 24).

PROCEDURAL BACKGROUND

Plaintiff D.D.S. Industries, Inc. ("DDS") filed a complaint against CTS and Sealord, as surety, for:  (1) breach of contract; (2) quantum meruit; (3) unfair and deceptive acts in violation of Massachusetts General Laws

---

[1]  This court construes Sealord's request as a motion.

chapter 93A; and (4) violation of 40 U.S.C. §§ 3131 and 3133 (the "Miller Act").  (Docket Entry # 1).  CTS filed an answer and counterclaim seeking:  (1) a declaratory judgment that CTS is not "obligated to pay DDS unless and until CTS [has] received payment from [the General Services Administration ("GSA")], and . . . all required Project documentation including required lien waivers [has] been filed with CTS" (Docket Entry # 15, p. 9 (internal quotation marks omitted)); (2) breach of contract; and (3) failure to perform in a "good and workmanlike manner."  (Docket Entry # 15, p. 9).  Sealord asserts 11 affirmative defenses in its answer.  (Docket Entry # 16).  On July 13, 2012, CTS filed a motion for judgment on the pleadings.  (Docket Entry # 19).

On July 17, 2012, Sealord filed a notice of liquidation.  (Docket Entry # 21).  Attached to the notice is an order of liquidation (the "Liquidation Order") issued by the Commonwealth Court of Pennsylvania on February 8, 2012.  The Liquidation Order includes a stay of all proceedings against Sealord and directs all plaintiffs to file "a proof of claim against the estate of First Sealord" through the administrative agency.  (Docket Entry # 21, Ex. A).  At a July 19, 2012 status conference, this court

directed Sealord to submit a memorandum in support of its request for a stay of proceedings.  Sealord filed the memorandum in support of the request for a stay on July 31, 2012.

## FACTUAL BACKGROUND

CTS entered into a contract with the United States of America, acting through GSA, for renovations to and construction at the JFC Murphy Federal Records Project located at 380 Trapelo Road in Waltham, Massachusetts (the "Project").  As required by the Miller Act, CTS, as principal, and Sealord, as surety, executed a payment bond for labor and materials furnished for the Project.  (Docket Entry # 1, ¶ 5; Docket Entry # 15, ¶ 5; Docket Entry # 16, ¶ 5); see 40 U.S.C. § 3131.

CTS, in turn, entered into a subcontract with DDS as the subcontractor for the heating, ventilation and air conditioning ("HVAC") on the Project ("Contract 84") on June 16, 2009.  Contract 84, submitted as an exhibit by CTS, states the price as $460,400.00.  (Docket Entry # 15, Ex. 1, p. 8).  CTS nevertheless denies that this amount was the agreed price.  (Docket Entry # 15, p. 1, ¶ 8).  On June 16, 2009, CTS entered into another subcontract ("Contract 86")

with DDS in light of a need for additional work outside the scope of Contract 84.  Contract 86 includes a price of $36,000.00.  (Docket Entry # 15, Ex. A, p. 2).  As set forth in the complaint, DDS alleges that the price of Contract 86 was agreed upon as $42,632.50.  (Docket Entry # 15, Ex. 1, p. 2; Docket Entry # 1, p. 2, ¶ 9).

DDS submitted invoices to and/or demanded payment from CTS for its work on the Project for which CTS has paid $484,668.50.  (Docket Entry # 1, p. 2, ¶¶ 12-13; Docket Entry # 15, p. 2, ¶¶ 12-13).  DDS alleges that CTS breached its contractual duty by failing to pay DDS the remaining balance for the work performed on the Project totaling $18,364.00.  (Docket Entry # 1, p. 2, ¶¶ 14-15).  CTS argues that Contract 84 and Contract 86 require DDS to submit additional documents including waivers of lien as a condition precedent to a final payment.  (Docket Entry # 15, p. 6, ¶ 5).  On February 8, 2012, Sealord entered into liquidation as stated in the Liquidation Order issued by the Commonwealth Court of Pennsylvania.  (Docket Entry # 21).

## DISCUSSION

Sealord argues that this court should issue a stay in light of the Liquidation Order issued by the Pennsylvania

Commonwealth Court.  Sealord supports the request with two arguments:  (1) the facts of this case make federal court abstention under Burford v. Sun Oil Co., 319 U.S. 315 (1943), appropriate; and (2) principles of comity allow this court to exercise its discretion by staying this litigation. Neither CTS nor DDS filed an opposition to Sealord's request to stay proceedings.

I.  Pennsylvania Commonwealth Court Order to Stay

"We start with bedrock:  a state court cannot enjoin federal proceedings."  Fragoso v. Lopez, 991 F.2d 878, 881 (1st Cir. 1993) (citing General Atomic Co. v. Felter, 434 U.S. 12, 17 (1977)).  "Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given to them.'"  Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)); see also United States v. Fairway Capital Corp., 483 F.3d 34, 44 (1st Cir. 2007).  "This all but unyielding duty to exercise jurisdiction rests on 'the undisputed constitutional principle that Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds.'"  Chico Service Station, Inc. v. SOL

Puerto Rico Ltd., 633 F.3d 20, 29 (1st Cir. 2011) (quoting New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989)). "Simply put, it is axiomatic that state courts do not possess the power in our system of federalism to enjoin a federal case." Phico Insurance Co. v. Pavia Health, Inc., 413 F.Supp.2d 76, 80 (D.P.R. 2006). The court in Phico considered a motion to dismiss a claim against an insurer ordered into liquidation by the Pennsylvania Commonwealth Court and noted that, "This [axiomatic principle] alone is sufficient to deny the present motion." Id. (internal citations omitted).

In light of the foregoing, the order to stay in the Liquidation Order issued by the Pennsylvania Commonwealth Court does not bind this court. "To warrant . . . a stay, then, [Sealord] must show that abstention is appropriate here despite the valid exercise of jurisdiction." Pearson v. Fairlakes Village Condominium Assoc., No. 10-1296, 2012 U.S. Dist. LEXIS 35306, at *3 (D.P.R. March 13, 2012).

II. Burfurd Abstention

Sealord submits this court should issue a stay under the Burford abstention doctrine developed out of Burford v. Sun Oil Co.. The "fundamental concern in Burford is to

6

prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution." Public Service Co. of New Hampshire v. Patch, 167 F.3d 15, 24 (1st Cir. 1998).  This concern is addressed by permitting federal courts to decline to exercise jurisdiction in some exceptional circumstances. Chico Service Station, Inc. v. SOL Puerto Rico Ltd., 633 F.3d at 29.  "As a general proposition, these 'exceptional circumstances' lie 'where denying a federal forum would clearly serve an important countervailing interest,' such as 'regard for federal-state relations' or 'wise judicial administration.'" Id. (quoting Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716 (1996)).  Additionally, abstention is appropriate "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." Colorado River Water Conservation District v. United States, 424 U.S. at 814.

    The Burford abstention doctrine has been primarily applied to federal courts sitting in equity. See, e.g., Fragoso v. Lopez, 991 F.2d at 882 (a federal court may only

abstain under <u>Burford</u> if it is "sitting in equity"). The doctrine nevertheless has been recognized as properly applying to courts sitting in law:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded; that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

<u>Quackenbush v. Allstate Insurance Co.</u>, 517 U.S. at 716 (internal quotation marks omitted); <u>accord</u> <u>Dunn v. Cometa</u>, 238 F.3d 38, 43 (1st Cir. 2001) ("where the relief sought is money damages (rather than injunctive or other discretionary relief), Quackenbush permits the district court only to stay the federal action pending state proceedings").

The cause of action bringing Sealord into this litigation is DDS' claim for the outstanding balance of Contract 84 and Contract 86. The Miller Act gives DDS the right to "bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought," 40 U.S.C. § 3133(b)(1), and is therefore a damages action.

Here, exceptional circumstances warrant a stay. <u>See</u> <u>generally</u> <u>Chico Service Station v. SOL Puerto Rico, Ltd.</u>, 633 F.3d at 29. The state administrative agency is

responsible for distributing money to claimants on insurance and surety contracts through a proof of claims procedure. See 40 Pa. Cons. Stat. § 221.38 (2012). "States, as a matter of tradition and express federal consent, have an important interest in maintaining precise and detailed regulatory schemes for the insurance industry." Quackenbush v. Allstate Ins. Co., 517 U.S. at 732 (Kennedy, J., concurring). To allow DDS in this suit to circumvent the established administrative process for equitable distribution of the remaining assets of an insurer in liquidation would undermine Pennsylvania's legitimate interest in insurance regulation.

Furthermore, the Pennsylvania legislature has created a system through which an insurer's remaining assets are equitably distributed among claimants. See 40 Pa. Cons. Stat. § 221.1. The federal court's intervention stands at risk of interfering with the Commonwealth of Pennsylvania's legitimate interest in establishing and maintaining a detailed state regulatory scheme. See Colorado River Water Conservation District v. United States, 424 U.S. at 814; see also Burford v. Sun Oil, Co., 319 U.S. at 332-4. The complicated questions of state law, public policy and the

detailed and traditionally state regulation of the insurance industry support issuance of a stay in this litigation pending resolution of the matter by the state administrative agency.

The issue thus arises whether to stay the entire action, or only as to Sealord.  "[P]roceedings that do not threaten to deplete the assets of the debtor need not be stayed." Seiko Epson Corp. v. Nu-Kote International, Inc., 190 F.3d 1360, 1364 (Fed.Cir. 1999).  While Seiko addressed a company in federal bankruptcy proceedings, the interest in controlling Sealord's asset distribution is similar.  See 40 Pa. Cons. Stat. § 221.1.  Because a judgment for DDS in the claims asserted only against CTS (counts one, two, and three) will not deplete the assets of Sealord, they need not be stayed.  However, "The decision to dismiss or stay proceedings in light of parallel litigation is 'necessarily left to the discretion of the district court in the first instance.'" KPS & Associates v. Designs by FMC, Inc., 318 F.3d 1, 10 (1st Cir. 2003) (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 19 (1983)).  In the interest of judicial economy, these claims should not be split between two fora.  This litigation

should be stayed pending the resolution of the state administrative agency proceeding.

## CONCLUSION

For the foregoing reasons, Sealord's request that proceedings be stayed (Docket Entry # 24) is **ALLOWED**. All claims are stayed pending the resolution of the state liquidation proceeding. The pending motion for judgment on the pleadings (Docket Entry # 19) is therefore **DENIED** without prejudice to be renewed after resolution of the state liquidation proceeding. Plaintiff shall file a status report within 30 days of the conclusion of the liquidation proceeding.

          /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge